## STATE COURT OF APPEALS—Continued

### No. 377
### BATES, Trustee v. RUBBER CITY CLEARING CO. et.
### Ohio Appeals, 9th Dist., Summit Co.
### No. 902. Decided July 10, 1924.

1063. SALES—1. Sufficient mutuality shown by contract obligating one to buy and another sell though no amount stipulated.

2. Contract not void for uncertainty for failure to specify exact quantity to be delivered.

3. Agreement to sell only to promisee contains sufficient consideration to bind parties.

297.—CONTRACTS—Contract supported by some evidence held submissible to jury.

PER CURIAM;

This was an action for breach of contract brought by Bates against Rubber City Clearing House Co. The agreement provided that the Portage Tire & Lbr Co. was to sell all of its tires to the Rubber City Clearing House Co. between two dates, at a certain discount, and the latter was to accept and pay for the same. At the trial at the conclusion of the evidence the court directed a verdict for the defendant upon the ground that the contract was void for lack of mutuality. Reversing the court of Appeals.

1. That there was some evidence showing a contract which necessitated the submission of the question to the jury for its determination.

2. As the contract expressly carried a stipulation that the Tire company was to sell "all our Portage and Huskie tire seconds between this date and December, 1920" and that the defendant company was to buy all of these tires between said dates and at certain prices, the contract clearly showed an obligation upon the one hand to sell and upon the other to buy and consequently there was a mutuality on the part of both parties.

3. The contract was not void for want of uncertainty for the reason that the only uncertainty in the agreement was as to the number of tires involved, but this did not render the contract void, but only affected the possibility of proving damages for the breach.

4. Even a promise to buy or sell only as much as the promisor chooses to deliver is a sufficient consideration when coupled with the agreement that whatever the buyer or seller chooses to buy or sell he will pay for or sell to the promisee.

Attorneys—Slabaugh, Young, Seiberling, Huber & Guinther, for Bates, Trustee; Waters, Andress, Southworth, Wise & Maxon, for The Rubber City Clearing House Co., et al.; all of Akron.